UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 23-00772-CJC (KESx)            Date: May 8, 2023

Title: <u>KELLY DAVIS V. HOAG MEMORIAL HOSPITAL PRESBYTERIAN</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Rolls Royce Paschal</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED AND WHY SANCTIONS SHOULD NOT ISSUE**

       On May 3, 2023, Defendant Hoag Memorial Hospital Presbyterian ("Hoag") removed this case from Orange County Superior Court, arguing that the federal officer removal statute, 28 U.S.C. § 1442(a)(1), applied because of Hoag's participation in the federal government's "Meaningful Use Program" related to health care records. (*See* Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Hoag noted that this case is related to another case before this Court, *Doe v. Hoag Memorial Hospital Presbyterian*, Case No. SACV 23-04444-CJC (ADSx) ("*Doe*"), in that the cases "[a]rise from the same or a closely related transaction, happening, or event," "[c]all for determination of the same or substantially related or similar questions of law and fact, and "would entail substantial duplication of labor if heard by different judges." (Dkt. 2.) And in *Doe*, Hoag made the same arguments regarding the federal officer removal statute.

       On May 2, 2023, the day before Hoag removed this case, the Court granted a motion to remand in *Doe*, explaining that the federal officer removal statute did not apply as Hoag contended. (*Doe* Dkt. 17.) Specifically, the Court explained that Hoag had not shown that it acted under the direction of a federal officer or agency, as required for Section 1442(a) to apply, and concluded that Hoag's mere compliance with federal regulations was not sufficient to fall within the scope of Section 1442(a). (*Id.* at 5–6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 23-00772-CJC (KESx)            Date: May 8, 2023
                                                                                                              Page 2

---

The Court also cited three cases in which California federal courts rejected Hoag's arguments regarding the applicability of Section 1442(a). (*Id.* at 6–7 [citing *Quinto v. Regents of Univ. of California*, 2023 WL 1448050, at *2 (N.D. Cal. Feb. 1, 2023); *Heard v. Torrance Mem'l Med. Ctr.*, 2023 WL 2475544, at *2 (C.D. Cal. Mar. 13, 2023); *Crouch v. Saint Agnes Med. Ctr.*, 2023 WL 3007408, at *4 (E.D. Cal. Apr. 19, 2023)].) Notably, Hoag's counsel here, Baker & Hostetler LLP, also represented the defendant in each of the cases the Court cited in which remand was granted.

      If a party lacks an objectively reasonable basis for seeking removal and a court remands, the court has the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Removal may be objectively unreasonable when "the relevant case law clearly foreclosed the defendant's basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

      Hoag is hereby **ORDERED** to show cause in writing by **May 22, 2023,** why (1) this action should not be remanded for lack of subject matter jurisdiction for the same reasons the Court explained in *Doe* (and the same reasons the courts explained in *Quinto*, *Heard*, and *Crouch*), and (2) why Hoag should not be required to pay any expenses, including attorney fees, Plaintiff incurred as a result of its removal. While Plaintiff is not obligated to respond, she may file a response by **June 5, 2023**.

cbt

MINUTES FORM 11
CIVIL-GEN                                                                              Initials of Deputy Clerk RRP